THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUNMORE SCHOOL DISTRICT, | : | |
| | : | CIVIL ACTION NO. 3:20-CV-1091 |
| Plaintiff, | : | (JUDGE MARIANI) |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA INTERSCHOLASTIC | : | |
| ATHLETIC ASSOCIATION, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION
### I. INTRODUCTION

Here the Court considers Plaintiff's Motion to Remand (Doc. 4) filed on July 15,

2020, with which Plaintiff seeks remand of the above-captioned matter to the Court of

Common Pleas of Lackawanna County.  In the underlying action, Plaintiff asserts that it

> demands injunctive relief pursuant to Pennsylvania Rule of Civil Procedure
> 1531, and requests a preliminary injunction enjoining the defendant from
> reclassifying Dunmore from Class 3A to Class 4A for the sport of girls'
> basketball for the 2020-2021 and 2021-2022 school-years in violation of the
> plaintiff's constitutional rights to due process and equal protection of the laws,
> and in further violation of the spirit, purpose, and plain language of the
> defendant's rules, regulations, policies, Constitutions, and By-Laws.

(Compl. at 1 (Doc. 1 at 9).)

Defendant removed the matter to this Court on June 29, 2020, on the basis of

federal question jurisdiction.  (Doc. 1.)  Plaintiff asserts that remand is appropriate because

the Complaint does not raise a question of federal law.  (Doc. 4.)  For the reasons

discussed below, the Court will deny Plaintiff's motion.

## II. BACKGROUND

Plaintiff filed the underlying action in the Court of Common Pleas of Lackawanna County on June 19, 2020. (Doc. 1 at 9.)  As set out above, the basis for the action is the allegedly wrongful reclassification of the girls' basketball team.  The Complaint alleges that the PIAA reclassified the team based on the team's participation in post-regular season play and the number of transfer students who played on Dunmore's team after transferring to the school. (*See*, *e.g.*, Compl. ¶¶ 47-64 (Doc. 1 at 21-28).)

On June 23, 2020, Plaintiff filed Plaintiff's Petition for Preliminary Injunction in the Court of Common Pleas of Lackawanna County. (Doc. 1 at 98-102.)  Judge James Gibbons of the Court of Common Pleas issued a Rule to Show Cause on the same date and set a hearing for August 25, 2020. (Doc. 1 at 95-96.)  On June 24, 2020, Judge Gibbons informed the parties that he was required to disqualify himself pursuant to the Code of Judicial Conduct Rule 2.11(A)(2)(c) & (d) because he and the coach of the Dunmore girls' basketball team are cousins of the second degree.   (Doc. 1 at 106.)

In the Notice of Removal of Civil Action filed in this Court on June 29, 2020, Defendant first cited Plaintiff's general statement of the case (Doc. 1 at 2 ¶ 2 (citing Compl. at 1 (Doc. 1 at 9))) and specifically asserted the following:

> 3. As averred in Paragraph 33 of the Complaint, Plaintiff alleges that PIAA violated Plaintiff's right to due process under the 14th Amendment of the U.S. Constitution. *See* Complaint at ¶ 34.

4. As averred in Paragraph 34 of the Complaint, Plaintiff alleges that PIAA violated Plaintiff's right to equal protection under the 14thAmendment of the U.S. Constitution. *See* Complaint at ¶35.

5. Because Plaintiff seeks relief on claims arising out of the Constitution of the United States and Federal Statutes, this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331.

6. Accordingly, this action is properly removed to this Court under 28 U.S.C. § 1441(a) and (c)(1) setting forth the claims for violation of federal law.

(Doc. 1 at 3 ¶¶ 3-6.)

Plaintiff filed the Motion to Remand on July 15, 2020. (Doc. 4.) Therein Plaintiff

contends that it

filed its Petition for Preliminary Injunction and accompanying Order in the Court of Common Pleas of Lackawanna County in order to enjoin PIAA from reclassifying Dunmore from Class 3A to Class 4A for the sport of girls' basketball for the 2020-2021 and 2021-2022 school-years. Dunmore's Petition for Preliminary Injunction referenced and relied upon the Pennsylvania Rules of Civil Procedure, Pennsylvania state law, the Pennsylvania preliminary injunction standard, and the interpretation and application of the rules, regulations, policies, Constitution, By-Laws, and Competition Classification Formula of the defendant, PIAA, a Pennsylvania state agency governing high school and junior high sports for Pennsylvania school districts. Dunmore's Petition for Preliminary Injunction makes no reference to any federal laws, nor to the Constitution or any treaties of the United States. The action is limited to state laws and regulations.

(Doc. 4 at 2 ¶ 3.) Plaintiff acknowledges the basis for Defendant's removal and asserts that

Dunmore's Complaint does reference its due process and equal protection rights under the Pennsylvania Constitution, the Complaint does not raise any particular or substantial federal questions, the constitutional issues raised in the said Complaint are state-related, and the rights in dispute arise from the Constitution and laws of the Commonwealth Pennsylvania.

(*Id.* at 3 ¶ 5.)

Plaintiff expands upon this argument in its supporting brief and concludes that

[[because this cause of action does not arise under the Constitution of the United States, nor under any federal law or treaty, original jurisdiction under federal question subject matter jurisdiction authority is lacking. Furthermore, this state-law cause of action fails to meet the test expressed in *Grable* [*& Sons of Metal Prods. v. Darue Eng'g Mfg.*, 545 U.S. 308 (2005)], . . . because this state-law claim does not necessarily raise a federal issue actually disputed and capable of resolution in federal court without disruption of the federal-state balance, and plainly does not raise a substantial federal issue indicating a serious federal interest in claiming the advantages of a federal forum. Accordingly, remand is appropriate under 28 U.S.C. § 1447(c) for lack of federal question subject matter jurisdiction.

(Doc. 5 at 11-12.)

Defendant filed a brief in opposition to Plaintiff's motion on August 5, 2020.  (Doc. 6.) Defendant generally posits that, with its Motion to Remand, "Plaintiff asks this Court to read into the Complaint that which is wholly absent: alleged violations of the Constitution of the Commonwealth of Pennsylvania and 'important' state policies. Plaintiff cannot ignore the averments of its own Complaint . . . . ."  (Doc. 6 at 1.)  Defendant then points to averments in the Complaint which specifically plead violations of the Fourth and Fourteenth Amendments of the United States Constitution and reliance on 42 U.S.C. § 1983.  (Doc. 6 at 2 (citing Compl. ¶¶ 34, 35, 38 (Doc. 1 at 18-19)).)

Plaintiff did not file a reply brief and the last date for doing so was August 19, 2020. Therefore, this matter became ripe for disposition on August 20, 2020.

By correspondence of October 19, 2020, Plaintiff's counsel requested a status update on the pending motion.  (Doc. 7.)  In so doing, he noted that "our season begins on November 10, 2020."  (*Id.* at 1.)

### III. ANALYSIS

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Whether an action "arises under" federal law is governed by the well-pleaded complaint rule.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)).  If a federal question is presented on the face of the plaintiff's complaint, 28 U.S.C. § 1441(a) generally permits a defendant to remove the action to federal court.  The party asserting jurisdiction bears the burden of showing the action is properly before the federal court.  *Id.*  The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal. *Id. Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005)).

Here there is no doubt that Plaintiff's Complaint, on its face, presents a federal question.  Plaintiff specifically cites the source of the claimed Equal Rights and Due Process protections to be the Fourteenth Amendment of the United States Constitution.  (Compl. ¶¶ 34, 35 (Doc. 1 at 18).)  Plaintiff sets out the standard for liability under the federal statute 42

5

U.S.C. § 1983 and alleges that the Supreme Court of Pennsylvania has ruled that "the activities of the PIAA constitute state action." (Compl. ¶¶ 38, 39 (Doc. 1 at 19).) Relevant allegations in Plaintiff's Complaint include the following: "PIAA's arbitrary and irrational conduct unfairly and unlawfully deprived Dunmore of its guaranteed constitutional rights" (Compl. ¶ 42); PIAA's actions, which Plaintiff identifies as "arbitrary and irrational" interpretation and application of the Competitive Classification Formula and arbitrary, unfair and irrational "adopted means of serving its interest in competitive balance," denied Dunmore its "constitutional rights of due process and equal protection of the laws" (Compl. ¶ 45); retroactive application of the 2019 Competition Classification Formula to the 2018-2019 season violated Dunmore's due process rights (Compl. ¶ 51); cancellation of the 2019-2020 post-season tournament partway through resulted in the games worth the most points not being played and violation of Dunmore's right to equal protection (*id*.); and unfair application of the athletic transfer rule disproportionately harmed Dunmore and, therefore, "PIAA, a state actor, violated Dunmore's right to equal protection of the laws" (Compl. ¶ 54).

After a thorough review of Plaintiff's Complaint, the Court agrees with Defendant that, contrary to Plaintiff's assertion in its Motion to Remand and supporting brief, the Complaint does not contain a single reference to the Pennsylvania Constitution. (*See* Doc. 6 at 5.) The Court also concurs with Defendant's assessment of the Complaint as one clearly stating a federal question:

> the harm alleged in Plaintiff's complaint exclusively relates to alleged violations
> of Plaintiff's constitutional rights of due process and equal protection of the laws

6

under the United States Constitution. Complaint, ¶¶ 34, 35. This is not just the "mere presence" of a federal issue, as Plaintiff asserts in its brief. Brief in Support at 5, 6. Plaintiff even cites a federal statute, 42 U.S.C. § 1983, arguing that P.I.A.A. violated Plaintiff's constitutional rights under color of state law. Complaint, ¶ 38.1

While Plaintiff argues its cause of action is based on a violation of the PIAA By-laws, its Complaint is wholly devoid of citation to any Pennsylvania statutes that have been violated, nor does Plaintiff even cite the Pennsylvania Constitution. Plaintiff's right to relief in this matter depends exclusively on resolution of a question of federal law. The fact that Plaintiff requested an injunction under state law does not make removal improper, as Plaintiff suggests.

(Doc. 6 at 6-7.)

Notably, Plaintiff did not file a reply brief and, therefore, did not refute Defendant's assessment of its Complaint.  Plaintiff has not identified any specific reference to the Pennsylvania Constitution or Pennsylvania substantive law in its Complaint.  Nor has Plaintiff refuted the assertion that invocation of Pennsylvania procedural law governing preliminary injunctions in State Court does not nullify the presence of a federal question in the Complaint such that removal would be improper.  The glaring contradiction between Plaintiff's characterization of its Complaint as one which seeks "relief under Pennsylvania state court statutes, caselaw for the Commonwealth of Pennsylvania, and the rules, regulations, policies, procedures, Constitution, By-Laws, and Competition Classification Formula enacted, interpreted, and applied by the defendant, Pennsylvania Interscholastic Athletic Association" (Doc. 4 at 1) and the actual bases for relief identified in the Complaint

indicates that Plaintiff's primary claimed entitlement to remand is beyond disingenuous.

Simply put, the complaint described is not the Complaint filed.

Because any fair reading of the Complaint establishes the presence of a federal

question, the Court agrees with Defendant that Plaintiff's reliance on *Grable & Sons of Metal*

*Prods. v. Darue Eng'g Mfg.*, 545 U.S. 308 (2005), in support of remand is misplaced.  (*See*

Doc. 6 at 7.)

> *Grable* . . . is wholly irrelevant. The issue in that case was whether a defendant
> could remove a case brought where no federal claim is averred but where the
> case implicates "significant federal issues." 545 U.S. at 312. By contrast, here,
> Plaintiff has expressly pled federal claims under Section 1983 and the United
> States Constitution, eliminating the balancing test discussed in *Grable*. Indeed,
> the Court in *Grable* expressly noted that federal jurisdiction does arise where
> Section 1983 claims are pled. 545 U.S. at 312 ("This provision for federal-
> question jurisdiction is invoked by and large by plaintiffs pleading a cause of
> action created by federal law (e.g., claims under 42 U.S.C. § 1983)"). Thus,
> *Grable* is a red herring, with Plaintiff requesting application of a test that is not
> appropriate to the case.

(Doc. 6 at 7.)   As discussed above, clearly federal claims are raised in Plaintiff's Complaint

and the question addressed in *Grable*, i.e., whether a state-law claim invokes federal

question jurisdiction such that removal to federal court is proper, is not relevant to this case.

Though Plaintiff cites a litany of State Court procedural rules as well as PIAA policies,

procedures, and documents (*see*, *e.g.*, Doc. 5 at 10), no state law substantive provision is

identified and, even if Plaintiff's Complaint identified a state substantive provision, the

presence of a federal question on the face of the Complaint would not be negated.[1]

Notwithstanding the fundamental flaw that Plaintiff fails to accurately assess its own

Complaint, the Court will briefly review Plaintiff's additional arguments proffered in support

of its motion.

––––––––––––––––––––––

[1] With this determination, the Court expresses on opinion on the merits of the federal cause of action asserted in the Complaint or Plaintiff's ability to raise a state law cause of action.  In *Sch. Dist. of City of Harrisburg v. Pennsylvania Interscholastic Athletic Ass'n*, 309 A.2d 353 (Pa. 1973), the school district filed a complaint in equity for injunctive relief from action of PIAA in placing high school in district on probation.  The plaintiff complained of a lack of due process and the Pennsylvania Supreme Court, relying on the Fifth Circuit Court of Appeals, concluded that the activities of the PIAA in question constituted state action.  *Id.* at 357 (citing *Louisiana High School Athletic Association v. St. Augustine High School*, 396 F.2d 224, 227 (5th Cir. 1968)).)

The Supreme Court added the following analysis:

Notwithstanding our determination that the activities of the PIAA constitute state action, there are compelling reasons why judicial interference in this context would be inappropriate. The appellant has referred us to several cases outside this jurisdiction (*See*, *e.g.*, *Marjorie Webster Junior College, Inc. v. Middle States Ass'n of Colleges and Secondary Schools, Inc.*, 139 U.S. App. D.C. 217, 432 F.2d 650 (1970), cert. denied, 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970)) which purport to stand for the proposition that judicial interference in the affairs of private associations is the rule rather than the exception. Our reading of these cases indicates that such interference is appropriate only under limited circumstances, as where the private association has deprived a member or prospective member of substantial economic or professional advantages or fundamental constitutional rights.[4] We believe that the general rule with respect to high school athletic associations, insofar as it has been enunciated, is one of judicial non-interference unless the action complained of is fraudulent, an invasion of property or pecuniary rights, or capricious or arbitrary discrimination. State ex rel. *Ohio High School Athletic Ass'n v. Judges of Court of Common Pleas*, 173 Ohio 239, *State ex rel. Ohio High School Athletic Ass'n v. Judges of Court of Common Pleas*, 173 Ohio 239, 181 N.E.2d 261 (1962); *See*, *Sanders v. Louisiana High School Athletic Ass'n*, La. App., 242 So.2d 19 (1970).

Alongside the general rule of judicial non-interference in the affairs of private associations stands our unwillingness to involve this Court in controversies of questionable urgency.

*Sch. Dist. of City of Harrisburg*, 309 A.2d at 357–58.

Plaintiff asserts that, because it seeks equitable relief, the Court holds broader power to remand this matter to State Court.  The Court concludes that Plaintiff's reliance on *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), in support of its argument is without merit.  Although Plaintiff cites *Quackenbush* for the proposition that the Court should decline jurisdiction here because Plaintiff seeks only equitable relief (Doc. 5 at 12), *Quackenbush* is not on point.  Discussing federal court abstention under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), which "permits a federal court sitting in equity to dismiss a case only in extraordinary circumstances," 517 U.S. at 726 (citation omitted), the Supreme Court in *Quackenbush* explained that

> *Burford* allows a federal court to dismiss a case only if it presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar, or if its adjudication in a federal forum would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

*Id.* at 726-27 (internal citations and quotations omitted).

Importantly, Plaintiff presents only an extremely broad-brush conclusory argument regarding remand based on *Quackenbush*.  (Doc. 5 at 12.)  Notwithstanding this deficiency, the Court's review of Plaintiff's Complaint shows that further discussion of abstention is not warranted in that *Burford's* concern "with protecting complex state administrative processes from undue federal influence," 516 U.S. at 727, has no application to the facts of this case.

Although Plaintiff presents no other meaningful argument for the Court to remand this case to State Court, Plaintiff alternatively requests that the Court decline to exercise

jurisdiction over its state-law claims.  (Doc. 5 at 12-14.)  This request is difficult to assess because Plaintiff's Complaint does not identify a state-law substantive cause of action with any specificity.  Without reference to any state law, Plaintiff seeks injunctive relief because the PIAA's allegedly unlawful conduct "violates Dunmore's constitutional rights and PIAA's own Constitution, By-laws and Competition Classification Formula."  (Compl. ¶ 66.)   In its supporting brief, Plaintiff states that "Dunmore's state-law claim for equitable relief under Pennsylvania law arises from state agency PIAA's erroneous interpretation and application of its Constitution, By-Laws, rules, regulations, policies, procedures, and Competition Classification Formula."  (Doc. 5 at 13.)  Given Plaintiff's imprecise pleading style and conclusory argument, the Court will not decline to exercise supplemental jurisdiction to the extent such jurisdiction may exist.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motion to Remand (Doc. 4). Regarding Plaintiff's counsel's October 19, 2020, correspondence and its suggestion that the start of the girls' basketball season is a matter of concern (Doc. 7), the Court notes that, based on Plaintiff's counsel's decision to file a motion to remand, the commencement of the basketball season is of no legal significance to the Court.  Should Plaintiff seek to pursue preliminary injunctive relief, Plaintiff shall notify the Court in writing within three (3) days of the date of this Order of its intention to do so.  On such notice, the Court will conduct a telephone conference to schedule an evidentiary hearing.

A separate Order will be filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge